NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHURONG YU, | No.   15-72273 |
| Petitioner, | Agency No. A088-328-322 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:      S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Shurong Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies between Yu's testimony, her declaration, and her documentary evidence regarding her involvement with her friend's church and the circumstances of her arrest, detention, and release.  *See id.* at 1047-48 (adverse credibility finding reasonable under the totality of the circumstances).  Yu's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Yu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  In light of this disposition, we need not reach her remaining contentions regarding the merits of her claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Yu's claim was based on the same testimony the agency found not credible, and Yu does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured in China.  *See*

*Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**